UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-3682

**JAHMAL MILLER,**

    Plaintiff,

v.

**MILE HI FOODS, CO., CHRISTOPHER C. WATSON, and ALEXANDER H. TRUDDEN**

    Defendants.

---

CIVIL COMPLAINT AND JURY DEMAND

---

The Plaintiff, Jahmal Miller, by and through his undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff Jahmal Miller (hereinafter "Plaintiff") resided in Georgia.

2. Upon information and belief, at all times relevant to this action, Defendant Christopher C. Watson (hereinafter "Watson") resided in Northglenn, Colorado.

3. At all times relevant to this action, Mile Hi Foods, Co. (hereinafter, "Mile Hi") was and is a Colorado corporation licensed to do business in the State of Colorado. Mile Hi has its principal place of business and maintains a registered agent for service of process at 4770 East 51st Avenue, Denver, CO 80216.

4. Upon information and belief, at all times relevant to this action, Defendant Alexander H. Trudden (hereinafter "Trudden") resided in Naples, FL.

1

5. Upon information and belief, the incident out of which this action arises occurred at or near mile point 184 on Interstate 70 in Eagle County, Colorado.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is a civil action in which at least two of the parties are citizens of different states.

7. The Plaintiff has incurred at least $299,466.70 in medical expenses related to this incident. He is also seeking non-economic damages of approximately $1,000,000 and additional damages for physical impairment resulting from catastrophic injuries, including fractures of his left femur, right tibia and fibula, rib, and lumbar spine.

8. Venue is proper in the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Colorado.

## FACTUAL ALLEGATIONS

9. On or about February 3, 2020, Plaintiff was involved in a multiple car, double impact collision at or near mile point 184 on westbound Interstate-70.

10. At the time of the collision, the road was snowy.

11. The Colorado State Patrol specifically noted adverse weather condition of "snow/sleet/hail."

12. At the time of the first impact, Plaintiff was driving westbound in a 2019 Hyundai Tuscon (the "Hyundai").

13. Mile Hi's employee Watson was driving westbound in a 2016 Peterbilt UNK (hereinafter, the "Peterbilt") directly behind the Hyundai.

14. The Peterbilt is owned by Mile Hi.

15. The Hyundai began to brake and slow down due to traffic in front of it.

16. The Peterbilt was following too closely behind the Hyundai and was unable to stop.

17. Instead, the Peterbilt struck the back of the Hyundai, pushing the Hyundai approximately 58 feet forward.

18. When Watson drove the Peterbilt into Plaintiff, he drove in a careless and imprudent manner failing to take into account the safety of others, particularly Plaintiff.

19. At all times relevant to this action, Mile Hi was a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR), operating trucks in interstate commerce, under U.S. Department of Transportation (DOT) Motor Carrier No. 207578

20. At all times relevant to this action, Mile Hi was subject to the Federal Motor Carrier Safety Regulations (FMCSR) and Public Utility Commission (PUC) regulation.

21. At all times relevant to this action, the safety practices and operations systems of Mile Hi in operation of its business and operation of its trucks were negligent, substandard and deficient, resulting in unreasonable risk of harm to the public, including the Plaintiff.

22. But for the negligence of Mile Hi, Watson would not have been driving the Peterbilt at the time of the collision.

23. Following the first impact, Plaintiff pulled the Hyundai over the right shoulder.

24. Plaintiff exited the Hyundai on the right shoulder of the highway.

25. At or around the same time, Defendant Trudden was traveling westbound in a 2019 Nissan Rogue (the "Nissan").

26. Trudden lost control of the Nissan and veered out of his lane into the right shoulder.

27. The Nissan struck the front driver's side quarter panel of the Hyundai, pushing the Hyundai off the roadway.

28. The Nissan continued forward, striking Plaintiff and pinning him between the Nissan and a 2009 Toyota Tacoma.

29. When Trudden drove the Nissan into Plaintiff, he drove in a careless and imprudent manner failing to take into account the safety of others, particularly Plaintiff.
30. Plaintiff suffered physical injuries as a result of the aforementioned collision and underwent medical treatment.
31. Plaintiff was not comparatively negligent at the time of the collision.
32. Plaintiff did not cause the aforementioned collision.
33. But for the negligence of Mile Hi and Watson, Plaintiff would not have been stopped on the shoulder or out of his vehicle when Trudden lost control and struck Plaintiff.
34. As a direct and proximate result of Mile Hi's negligence, Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses, wage loss, and other economic losses.
35. As a direct and proximate result of Mile Hi's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress and impairment of quality of life.
36. As a direct and proximate result of Mile Hi's negligence, Plaintiff has suffered physical impairment.
37. As a direct and proximate result of Watson's negligence, Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses, wage loss, and other economic losses.
38. As a direct and proximate result of Watson's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress and impairment of quality of life.

39. As a direct and proximate result of Watson's negligence, Plaintiff has suffered physical impairment.

40. As a direct and proximate result of Trudden's negligence, Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses, wage loss, and other economic losses.

41. As a direct and proximate result of Trudden's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress and impairment of quality of life.

42. As a direct and proximate result of Trudden's negligence, Plaintiff has suffered physical impairment.

## FIRST CLAIM FOR RELIEF – DEFENDANT WATSON
### Negligence

43. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 42 of this Complaint, as if set forth *verbatim*.

44. Defendant Watson owed Plaintiff a duty to use reasonable care in the operation of the Peterbilt.

45. Defendant Watson breached the above referenced duty, without limitation, in the following ways:

    a. Failing to keep a proper lookout;

    b. Following too closely;

    c. Operating the vehicle in a careless manner; and

    d. Driving the Peterbilt into the rear of the Hyundai.

46. The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiff.

5

47. As a result of Defendant Watson's breaches of the aforementioned duties, Plaintiff has sustained economic damages, non-economic damages, physical impairment, and disfigurement as indicated above.

## SECOND CLAIM FOR RELIEF – DEFENDANT WATSON

### Negligence Per Se

48. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 47 of this Complaint, as if set forth *verbatim*.

49. When Watson operated the Peterbilt in such a manner as to cause the collision with the Hyundai, Watson was in violation of applicable municipal ordinances and Colorado statutes including but not limited to: C.R.S. § 42-4-1008(1), Following Too Closely; C.R.S. § 42-4-1401, Reckless Driving; C.R.S. § 42-4-1402, Careless Driving.

50. Plaintiff is a member of the class for whose protection the above-mentioned statute was enacted.

51. The incident described above and the injuries and damages that Plaintiff suffered as a result of that incident are the kind of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

52. As a direct and proximate result of Watson's violation of the above-mentioned statutes, Plaintiff has sustained economic damages, non-economic damages, physical impairment, and disfigurement.

## THIRD CLAIM FOR RELIEF – DEFENDANT MILE HI

### Negligent Entrustment

53. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 52 of this Complaint, as if set forth *verbatim*.

54. Defendant Mile Hi permitted Watson to use the Peterbilt when it knew, or should have known, that Watson intended to, or was likely to, use the Peterbilt in such a manner as to create an unreasonable risk of harm to others.

55. Prior to the date of the 2020 collision, when Defendant Mile Hi entrusted the Peterbilt owned by Mile Hi to Watson, Watson had been cited for: Careless Driving, Speeding, Driving Under the Influence, Administrative Per Se for BAC at or over .08, Operating Vehicle with Defective/Missing Headlamps, and Defective or Unsafe Vehicle.

56. Prior to the date of the 2020 collision, when Defendant Mile Hi entrusted the Peterbilt owned by Mile Hi to Watson, Watson had been in at least two other car accidents.

57. When Defendant Mile Hi permitted Watson to use the Peterbilt, it knew or should have known that Watson had a history of unsafe driving and failing to obey the laws of the State of Colorado.

58. As a direct and proximate result of Defendant Mile Hi's negligent entrustment of the Peterbilt to Watson, the Peterbilt struck the Hyundai, and as a result Plaintiff has sustained damages and losses as indicated above.

## **FOURTH CLAIM FOR RELIEF – DEFENDANT MILE HI**

### Negligent Hiring and Retention

59. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 58 of this Complaint, as if set forth *verbatim*.

60. At all times material to this action, Watson served as an employee of Mile Hi.

61. Defendant Mile Hi breached its aforementioned duty to Plaintiff by failing to exercise reasonable care in the hiring and retention of its employees, in particular Watson.

62. In hiring employees and providing employees vehicles to drive, Defendant Mile Hi had a duty to conduct a reasonable background check in order to determine whether an employee, particularly Watson, would be fit to operate a vehicle in the scope of his employment.

7

63. Defendant Mile Hi breached its duty to Plaintiff by permitting Watson to operate a motor vehicle in the scope of his employment despite having actual notice that Watson posed an unreasonable danger to others when operating a motor vehicle.

64. During the years leading up to the collision out of which this case arises, Watson had been cited for: Careless Driving, Speeding, Driving Under the Influence, Administrative Per Se for BAC at or over .08, Operating Vehicle with Defective/Missing Headlamps, and Defective or Unsafe Vehicle.

65. The above-mentioned convictions against Watson were/are available as public records in Colorado and were easily accessible to Defendant Mile Hi at any time before and during the time Watson began his employment with Mile Hi and Watson began operating vehicles in the scope of his employment for Mile Hi.

66. Mile Hi chose to hire and retain Watson as an employee, giving him specific driving responsibilities despite these convictions, which demonstrate Watson was not fit to operate a vehicle as part of his employment responsibilities.

67. As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Mile Hi to Plaintiff to exercise reasonable care in the hiring and retention of its employees, in particular its employee Watson, Plaintiff has sustained damages and losses as indicated above.

### FIFTH CLAIM FOR RELIEF – DEFENDANT MILE HI
**Negligent Training and Supervision**

68. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 67 of this Complaint, as if set forth *verbatim*.

69. Defendant Mile Hi had a duty to the public, including Plaintiff, to adequately and properly train and supervise those persons, including Watson, it allowed and entrusted to operate its trucks, including the Peterbilt.

8

70. Defendant Mile Hi had a duty to the public and Plaintiff to follow all applicable laws, rules, and regulations for motor carriers, including but not limited to the Federal Motor Carrier Safety Regulations, including 49 CFR 392.14.

71. Defendant Mile Hi breached its duty to the public, including Plaintiff, by violating laws, rules and regulations, including but not limited to the Federal Motor Carrier Safety Regulations, including 49 CFR 392.14.

72. Defendant Mile Hi failed to exercise reasonable care in adequately and properly training and supervising its employees, in particular Watson, regarding these laws, rules, and regulations, including 49 CFR 392.14.

73. Upon information and belief, Mile Hi failed to properly train and supervise Watson with regard to driving in hazardous weather conditions, including exercising extreme caution, using a reduced speed, and/or discontinuing operations until road conditions allow for safe operation of its vehicles.

74. Defendant Mile Hi breached its duty to Plaintiff by failing to train Watson regarding proper responses to hazardous weather conditions, and by failing to supervise Watson regarding his continued operation despite dangerous road conditions.

75. Upon information and belief, Mile Hi instructed and permitted Watson to drive across a mountain pass during dangerous weather and road conditions of snow and ice.

76. As a direct and proximate result of the above-mentioned breach of duty owed by Defendant Mile Hi to Plaintiff to exercise reasonable care in the training and supervising of its employees, in particular its employee Watson, Plaintiff has sustained damages and losses as indicated above.

### SIXTH CLAIM FOR RELIEF – DEFENDANT TRUDDEN
**Negligence**

77. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 76 of this Complaint, as if set forth *verbatim*.

78. Defendant Trudden owed Plaintiff a duty to use reasonable care in the operation of the Nissan.

79. Defendant Trudden breached the above referenced duty, without limitation, in the following ways:

    a. Failing to keep a proper lookout;

    b. Following too closely;

    c. Failing to keep control of his vehicle;

    d. Failing to stay in the lane of traffic;

    e. Driving recklessly given the road conditions;

    f. Operating the vehicle in a careless manner; and

    g. Driving the Nissan into Plaintiff.

80. The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiff.

81. As a result of Defendant Trudden's breaches of the aforementioned duties, Plaintiff has sustained economic damages, non-economic damages, physical impairment, and disfigurement as indicated above.

## SEVENTH CLAIM FOR RELIEF – DEFENDANT TRUDDEN

### Negligence Per Se

82. Plaintiff incorporates herein by this reference the allegations set forth with specificity in Paragraphs 1 through 81 of this Complaint, as if set forth *verbatim*.

83. When Defendant Trudden operated the Nissan in such a manner as to cause the collision with Plaintiff's person, Defendant Trudden was in violation of applicable municipal ordinances and Colorado statutes including but not limited to: C.R.S. § 42-4-1008(1), Following Too Closely; C.R.S. § 42-4-1401, Reckless Driving; C.R.S. § 42-4-1402(2), Careless Driving Causing Bodily Injury.

84. Plaintiff is a member of the class for whose protection the above-mentioned statute was enacted.

85. The incident described above and the injuries and damages that Plaintiff suffered as a result of that incident are the kind of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

86. As a direct and proximate result of Defendant Trudden's violation of the above-mentioned statutes, Plaintiff has sustained economic damages, non-economic damages, physical impairment, and disfigurement

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff, Jahmal Miller, prays for judgment against Defendant Watson, Defendant Mile Hi, and Defendant Trudden, in an amount to be determined by the trier of fact for his losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief as the Court may deem appropriate, just, and proper.

Dated: December 16, 2020

Respectfully submitted,

ZANER HARDEN LAW, LLP

*/S/ Kurt Zaner*
Kurt Zaner, Esq. #40989
Sarah T. McEahern, Esq. #48401
1610 Wynkoop Street, Suite 120
Denver, CO 80202
Phone: (303) 563-5354
Fax:    (303) 563-5351
E-mail: kz@zanerhardenlaw.com
         stm@zanerhardenlaw.com